IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS RAMIRO LUGO, #1352077, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:11-CV-1146-M (BK) |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Div., § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition for writ of habeas corpus be summarily dismissed with prejudice as barred by the one-year statute of limitations.

**I. BACKGROUND**

A jury found Petitioner guilty of unlawful possession with intent to deliver cocaine, and assessed punishment, enhanced by a prior felony conviction, at sixty years' imprisonment and a $250,000 fine. *See State v. Lubo*, No. F05-01021 (Criminal Dist. Court No. 6, Dallas County, 2006), *aff'd*, *Lugo v. State*, No. 05-06-01152-CR (Tex. App. Jan. 22, 2008, no pet.) (unpublished).[1] On February 16, 2009, Petitioner filed a state habeas petition, under Tex. Code

---

[1] According to Dallas County records, Petitioner was prosecuted and convicted under the name of Luis Ramiro Lubo. On direct appeal, however, his name was corrected to "Luis Ramiro Lugo," the name listed on his federal habeas petition and on TDCJ online records.

of Crim. Proc. Art. 11.07. *See* No. W05-01021-A. The Texas Court of Criminal Appeals (TCCA) denied habeas relief on March 23, 2011. *See Ex parte Luis Ramiro Lubo, aka Luis Ramiro Lugo*, No. WR-75,494-01.[2]

Thereafter, on May 31, 2011, Petitioner filed the federal petition presently at issue. (Doc. 2.) In two grounds, he alleges ineffective assistance of counsel at trial and on direct appeal. (*Id.* at 7.)[3] The Court did not direct Respondent to file an answer. *See* Rule 4 of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

## II. ANALYSIS

A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the court may raise *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The Court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why the petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed a response to the show cause order on August 4, 2011. (Doc. 7.)

---

[2] The Court verified all dates listed above on the basis of information available on the Dallas County website (under criminal background information), the Texas Court of Appeals website, and the Texas Court of Criminal Appeals website.

[3] For purposes of this recommendation, the federal petition is deemed filed on May 25, 2011, the date Petitioner signed it and presumably handed it to prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

In this case, the one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Sections 2244(d)(1)(B)-(D) are inapplicable.[4]

Since Petitioner did not file a petition for discretionary review (PDR), his conviction became final under section 2244(d)(1)(A) on February 21, 2008, thirty days after the court of appeals affirmed his judgment of conviction. *See* Tex. R. App. Proc. 68.2(a) (PDR must be filed within thirty days of either date on which judgment is affirmed, or last timely motion for rehearing is overruled by court of appeals); *Flores v. Quarterman*, 467 F.3d 484, 485 (5th Cir. 2006) (conviction final thirty days after judgment was affirmed because no PDR). As of the filing of his state habeas application on February 16, 2009, 360 days of the one-year limitations period had elapsed. The state application remained pending until its denial on March 23, 2011, statutorily tolling the one-year limitations period. 28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state application). The one-year period resumed running the next day, on March 24, 2011, and expired five days later on March 29, 2011, long before the filing of the federal petition on May 25, 2011.

In response to the Court's show cause order, Petitioner asserts (1) his conviction became final on the day the court of appeals issued a mandate, and (2) the convicting court delayed in issuing a recommendation on his state habeas application. (Doc. 7 at 2.) Contrary to Petitioner's

---

[4] Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final.

assertion, the mandate date of April 17, 2008, is inapplicable in calculating the one-year period. *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (issuance of mandate does not control when conviction becomes final for purposes of one-year limitations period). In addition, as noted above, the one-year limitations period was statutorily tolled throughout the two years during which the state habeas application was pending in the convicting court. Therefore, the state court's two-year delay in ruling on the state application did not prejudice Petitioner.

Accordingly, the federal petition – filed more than two months after the one-year period expired in March 2011 – is clearly untimely absent equitable tolling.

B. Equitable Tolling

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the *entire* one year period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). After his conviction

became final, Petitioner delayed 360 days before he submitted his state habeas application. His lack of diligence did not end there. Following the denial of the state habeas application, Petitioner waited almost two months before he mailed the federal petition in this case.

Petitioner does not explain the lengthy delays in his case. (Doc. 7 at 1-3.) Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Therefore, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

SIGNED August 24, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE